UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Allison B. Young, | Civil Action No.: 5:15-cv-4153-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Allison B. Young ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends the Court affirm the Commissioner's decision. [ECF #21].

**Factual Findings and Procedural History**

The facts, including the medical timeline and evidence contained within the record, are adequately set forth by the Magistrate Judge in the Report and Recommendation. [ECF #21, pp. 1-6]. Briefly stated, Plaintiff was 48 years old as of the alleged onset date of December 31, 2006 and 52 years old as of February 21, 2011, the amended alleged onset date. [ECF #10-2, p. 34]. Plaintiff previously worked as a customer sales representative and worked as a cashier for Wal-Mart from June 2007 until March 7, 2008. [ECF #10-2, p. 35]. Plaintiff testified that she left her job at Wal-Mart because the job

took a toll on her body. [ECF #10-2, p. 40]. In her application, she indicates she stopped working at this job because of her conditions, and because she was having problems at her work site. [ECF #10-6, p. 31]. Plaintiff reported her conditions as follows: (1) degenerative disc disease; (2) arthritis in her knee; (3) depression b/p; (4) hip pain; (5) right foot pain; and (6) high blood pressure. [ECF #10-6, p. 31]. At the hearing, Plaintiff testified about an inability to use her hands due to arthritis. Plaintiff's radiological findings in the medical records generally show mild or minimal abnormalities. [ECF #10-2, p. 16]. With respect to her mental health records, the records reveal that Plaintiff denied having sustained depression or significant anxiety. [ECF # 10-2, p. 17]. Upon being prescribed medication, Plaintiff's mental condition greatly improved. [ECF #10-2, p. 17]. The medical records further reveal her affective disorder was mild in nature. [ECF #10-2, p. 17]. Plaintiff testified that she used a cane, but that it was not prescribed to her by a medical professional. [ECF #10-2, p. 16]. Medical records also indicate that Plaintiff was not always compliant with her medical treatment. [ECF #10-2, p. 19].

Plaintiff initially applied for disability benefits alleging a disability onset date of February 8, 2008. She later amended her application to allege a disability onset date of December 31, 2006. Her application was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (the "ALJ"). Plaintiff appeared before the ALJ for a hearing on February 3, 2014, and at the hearing, Plaintiff again amended her alleged onset date to February 21, 2011. On April 18, 2014, the ALJ issued an unfavorable decision to Plaintiff. The ALJ's findings were as follows:

> (1) The claimant last met the insured status requirements of the Social Security Act on June 30, 2013.
>
> (2) The claimant has not engaged in substantial gainful activity since February 21, 2011, the amended alleged onset date. (20 C.F.R.

404.1571 *et seq.* and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: mild degenerative changes of the lumbar spine, minimal degenerative changes of the right knee, and affective disorder (20 C.F.R. 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526. 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416. 967(c) with the following additional limitations: the claimant can occasionally push and/or pull with the right leg. She can occasionally climb ramps/stairs but cannot climb ladders, ropes, or scaffolds. She cannot kneel or crawl. She should avoid all exposure to vibration, heights, and dangerous machinery. She is limited to simple, routine work. She should avoid large crowds in the workplace and waiting on the public as customers.

(6) The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565 and 416.965).

(7) The claimant was born on November 26, 1958, and was 52 years old, which is defined as closely approaching advanced age, on the amended alleged disability onset date. The claimant is presently 55 years old and subsequently changed age category to advanced age (20 C.F.R. 404.1563 and 416.963).

(8) The claimant has a limited education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical Vocational Rules as a framework supports a finding that claimant is "not disabled" whether or not the claimant has transferable job skills (20 C.F.R. 404.1564 and 416.964). (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

>   (10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
>   (11) The claimant has not been under a disability, as defined in the Social Security Act, from February 21, 2011, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)).

[ECF #10-2, pp. 15-23].

Plaintiff sought review by the Appeals Council, but on August 20, 2015, the Appeals Council denied her request for review, thereby making the ALJ's decision the Commissioner's final administrative decision for purposes of judicial review. On October 7, 2015, Plaintiff filed her Complaint in this Court. [ECF #1]. Both Plaintiff and Defendant filed briefs [ECF #15; ECF #17], and the Magistrate Judge issued his Report and Recommendation on January 25, 2017, recommending that the Commissioner's decision be affirmed. [ECF #21, p. 25]. The Magistrate Judge recommends affirming the Commissioner's decision because the record contains substantial evidence to support the decision that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. [ECF #20, pp. 24-25]. Plaintiff filed objections on February 8, 2017. [ECF #23]. Defendant replied to these objections February 15, 2017. [ECF # 26].

## Standard of Review

### I. Judicial Review of the Commissioner's Findings

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

4

Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**II. The Court's Review of the Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the Report and Recommendation ("R & R") to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Here, after reviewing the record, including the briefs filed by the parties, the Magistrate Judge recommends affirming the decision of the Commissioner. Plaintiff raises the following objections to the recommendation by the R&R: (1) substantial evidence does not support the ALJ's assessment of a non-examining state agency medical consultant's opinion; (2) the ALJ did not adequately explain her RFC findings; and (3) the ALJ did not properly consider Plaintiff's credibility. These are the same issues that were previously raised by the Plaintiff in her initial brief to this Court. This Court will analyze these objections in turn.

## Analysis

An ALJ evaluates every medical opinion received. 20 C.F.R. §§ 404.1527(c) and 416.927(c). Pursuant to SSR 96-6p, findings of fact made by state-agency medical and psychological consultants regarding the nature and severity of a clamant's impairments must be treated as expert opinion evidence of non-examining sources by the ALJ. SSR 96-6p, 1996 WL 374180, at *1. While the ALJ is not bound by the findings made by state-agency medical or psychological consultants, the ALJ may not simply ignore the opinions, but rather must evaluate them pursuant to the above-referenced regulations. In so doing, the regulations provide the following factors to consider in evaluating medical opinion evidence,

which are: (1) whether the physician examined the claimant; (2) the treatment relationship between physician and claimant; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record; (5) whether the physician is a specialist, and (6) other factors that may support or contradict the opinion. 20 C.F.R. §§ 404.1527(c) and 416.927(c). An ALJ's determination regarding the weight to assign a medical opinion generally will not be disturbed absent some indication that the ALJ has "dredged up 'specious inconsistencies.'" *Koonce v. Apfel*, 166 F.3d 1209 (4th Cir. 1999)(unpublished opinion)(citing *Scivally v. Sullivan*, 966 F.2d 1070, 1076-77 (7th Cir. 1992)).

Dr. Crumlin, the state agency consultant, opined that Plaintiff could perform light work. [ECF #10-3, pp. 11-16]. The ALJ considered the opinion, gave the opinion "some weight," but ultimately determined that based upon the evidence in its entirety, including the hearing testimony, Plaintiff was capable of performing medium work. [ECF #10-2, p. 21]. The Magistrate Judge explained that the main difference between the ALJ's determined RFC and the opinion of Dr. Crumlin was the amount of weight Plaintiff can carry in performing work-related functions. [ECF #21, p. 14]. While an important distinction due to Plaintiff's age, the Magistrate Judge ultimately determined that the ALJ sufficiently explained the basis for his analysis of Dr. Crumlin's opinion. In her objections, Plaintiff argues that the ALJ's alleged determination that his decision is supported by the state agency physician's opinion is not supported by the evidence, and further, that the ALJ did not comply with SSR 83-12.

Dr. Crumlin, the state agency consultant, appears to be the only medical professional who provides an opinion regarding the lifting and carrying restrictions and RFC that Plaintiff can perform. Specifically, Dr. Crumlin's RFC assessment limited Plaintiff to occasional lifting and carrying of twenty pounds and frequent lifting and carrying of ten pounds. This criteria would be defined as "light work." 25 C.F.R. § 404.1567 (b). As acknowledged by the ALJ at the hearing, Plaintiff was fifty-five years old

on the date of the hearing. According to the Medical Vocational Guidelines (the "Grids"), an individual who is Plaintiff's age of 55 and limited to "light work" would be found disabled. Individuals who can perform "medium work" can engage in activities involving lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 25 C.F.R. § 404.1567 (c). This Court has considered all evidence in the record, along with Plaintiff's age, and the fact that it appears that Dr. Crumlin's RFC assessment is the only medical assessment of record regarding restrictions of lifting and carrying. This Court is unclear based on the ALJ's decision why he determined that, based on the assessment of the state agency consultant, the Plaintiff was still able to perform the lift-and-carry function at the "medium work" level. Accordingly, this Court is not satisfied that substantial evidence exists in the record to support the ALJ's determination that Plaintiff has the ability to perform "medium work," rather than "light work" or that his decision is supported by the state agency medical consultant. The Grids call for a finding of disability based on age 55 with an RFC of "light work." However, prior to age 55 with an RFC of "light work," the Grids do not require a finding of disability. Because it is unclear what effect an RFC of "light work" may have on the analysis of the further findings of the ALJ in his sequential analysis, remand is appropriate.

## Conclusion

The Court has thoroughly reviewed the entire record as a whole, including the administrative transcript, the briefs, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, Defendant's response to Plaintiff's objections, and the applicable law. For the foregoing reasons, the Court respectfully rejects the recommendation of the Magistrate Judge. The action is remanded to the Commissioner to conduct an analysis consistent with this Order. The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner

for further administrative action.

**IT IS SO ORDERED.**

Florence, South Carolina  
March 20, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge